Jonathan K. Thorne (Utah Bar No. 12694)
Anthony G. Tenney (Utah Bar No. 19707)
**SCHOLNICK THORNE HOLLAND**
40 South 600 East
Salt Lake City, Utah 84102
(t) 801.359.4169
(f) 801.359.4313
email: jonathan@utahjobjustice.com
anthony@utahjobjustice.com

Nicholas Conlon (*pro hoc vice forthcoming*)
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| DAVID DIXON, *individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>NUVIA MSO, LLC,<br><br>Defendant. | Civil Action No.: ________________<br><br>**JURY TRIAL DEMANDED** |

**<u>COLLECTIVE AND CLASS ACTION COMPLAINT</u>**

Plaintiff David Dixon ("Plaintiff"), by and through his attorneys, hereby brings this action against Nuvia MSO, LLC ("Defendant") and alleges, upon personal belief as to his own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this complaint on a collective and class action basis contending that Defendant unlawfully failed to pay Inside Sales Representatives (ISRs) overtime compensation for hours worked in excess of forty (40) in a workweek pursuant to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. and Wis. Stat. §§ 103.02 and Wis. Admin. Code DWD § 274.03.

2. Defendant is a provider of dental implant services that maintains business affiliations with locally owned and operated dental practices and offers non-clinical administrative, marketing, and operational support services to each affiliated center.

3. Defendant employs ISRs to promote dental implant services and schedule virtual consultations with affiliated dental centers.

4. Defendant willfully misclassifies ISRs as exempt from overtime pay, despite knowing that such ISRs' primary duties do not fall within any of the FLSA's exemptions to the statute's overtime pay requirements. *See* 29 U.S.C. § 207(a)(1).

5. As a result, Defendant unlawfully failed to pay ISRs, including Plaintiff, for overtime compensation for work performed in excess of forty (40) hours during a workweek.

6. Plaintiff asserts his FLSA claims individually and on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of a putative "FLSA Collective," defined as: *all current and former ISRs who worked for Defendant in any place covered by the FLSA, including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment*.

7. Plaintiff asserts his overtime claims under Wis. Stat. §§ 103.02 and Wis. Admin. Code DWD § 274.03 individually and on a class basis pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a putative "Wisconsin Class," defined as: *all current and former ISRs*

*who worked for Defendant in Wisconsin at any time within two (2) years preceding the commencement of this action and the date of judgment.*

8. In addition, Plaintiff asserts an individual claim under Wisconsin law for Defendant's failure to pay him all wages earned and due, in violation of Wis. Stat. § 109.03. Specifically, Plaintiff alleges that he was entitled to receive approximately $11,900 in bonus compensation for work performed in November 2024, based on the number of appointment "shows" he generated during that period. Plaintiff additionally alleges he earned a similar amount of bonus compensation in December 2024, which he did not receive. Defendant initially paid Plaintiff a portion of his earned bonus pay but subsequently clawed back such pay without legal justification. Plaintiff alleges that the bonus pay that Defendant failed to pay Plaintiff and/or clawed-back from his pay constituted "wages" as defined by Wis. Stat. § 109.01(3), and that Defendant's failure to pay those wages violated Wisconsin law. Plaintiff seeks to recover the unpaid wages, liquidated damages under Wis. Stat. § 109.11, and attorneys' fees.

**JURISDICTION AND VENUE**

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

10. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." *See* 29 U.S.C. § 216(b).

11. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Utah.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant resides in this district.

## PARTIES

13. Plaintiff David Dixon currently resides in Kenosha, Wisconsin.

14. Plaintiff was employed by Defendant as an ISR from approximately October 2024 to approximately March 2025.

15. Plaintiff worked remotely from his home in Kenosha, Wisconsin.

16. Defendant Nuvia MSO, LLC is a domestic limited liability company registered and headquartered in Utah with a principal office address of 7884 South Highland Dr, Ste 2, Cottonwood Heights, Utah 84121.

17. Pursuant to 29 U.S.C. § 216(b), Plaintiff David Dixon has signed a consent form to join this lawsuit, which is attached as **Exhibit 1**.

## GENERAL ALLEGATIONS[1]

18. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

19. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

20. Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s) because it has employees engaged in commerce as well as employees handling, settling, and otherwise working on goods or materials that have been moved in or produced for commerce.

21. ISRs are engaged in commerce when working for Defendant, and thus subject to individual coverage under the FLSA.

---

[1] Unless specifically stated otherwise, the foregoing allegations refer to the period of three (3) years before the commencement of this action through the present.

22. Defendant employs ISRs to promote dental implant services and schedule virtual consultations with affiliated dental centers.

23. Defendant suffers and permits ISRs to work more than forty (40) hours per week.

24. The work Defendant suffers and permits ISRs to perform in excess of forty (40) hours per week includes coordinating prospective patient leads, scheduling virtual consultations, and performing other non-clinical sales and support duties.

25. Defendant fails to pay ISRs any overtime premium or any other compensation for their hours worked in excess of forty (40) in a workweek.

26. ISRs do not qualify for any exemption under the FLSA during the relevant period.

27. Defendant willfully misclassifies ISRs as employees exempt from overtime pay, despite knowing that their primary job duties do not fall within any of the FLSA's exemptions to the statute's overtime pay requirements.

28. Defendant is aware, or should be aware, that ISRs do not qualify as exempt employees and thus are entitled to overtime compensation.

29. ISRs who work for Defendant are/were "non-exempt" employees under the FLSA and are entitled to receive overtime compensation at a rate of 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

30. Plaintiff earned bonus compensation in or around November and December 2024 based on the number of appointment "shows" he successfully generated for Defendant's affiliated practices.

31. Defendant initially paid Plaintiff approximately $11,900 in bonus compensation for his performance in November 2024, but later clawed back this payment from Plaintiff's subsequent paycheck.

32. Plaintiff earned a similar amount of bonus compensation in the month of December 2024, which he never received.

33. The bonus compensation earned by Plaintiff was tied to his productivity and performance and constituted wages under Wisconsin law.

34. Defendant unilaterally revoked Plaintiff's bonus payment without advance notice, consent, or legal justification.

35. Plaintiff was not informed of any misconduct or performance deficiency that would justify the clawback of the bonus compensation.

36. Plaintiff never agreed to forfeit, repay, or return the bonus compensation once it was earned and paid.

37. Defendant's clawback of Plaintiff's earned bonus constitutes an unlawful withholding of wages under Wis. Stat. §§ 109.03 and 109.09.

## **FLSA COLLECTIVE ALLEGATIONS**

38. Plaintiff re-alleges and incorporates all previous paragraphs herein.

39. This action is brought as a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

40. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of the FLSA Collective.

41. Plaintiff and the members of the FLSA Collective are "similarly situated" within the meaning of 29 U.S.C. § 216(b) because they: (a) held the same or substantially similar job titles and performed substantially similar job duties; (b) were subject to Defendant's common

policy and practice of misclassifying ISRs as exempt from overtime pay; and (c) were unlawfully denied overtime compensation for hours worked in excess of forty (40) in a workweek.

42. Plaintiff may request that the Court authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation and liquidated damages under the FLSA.

**WISCONSIN RULE 23 CLASS ALLEGATIONS**

43. Plaintiff re-alleges and incorporates all previous paragraphs herein.

44. This action is brought as a class action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant in Wisconsin.

45. Plaintiff asserts his overtime claims under Wis. Stat. §§ 103.02 and Wis. Admin. Code DWD § 274.03 individually and on a class basis pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the putative Wisconsin Class.

46. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs pursuant to Wis. Stat. § 109.03(5).

47. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. Plaintiff reasonably estimates that there are a substantial number of members of the putative Wisconsin Class. The Wisconsin Class members should be easy to identify from Defendant's payroll and personnel records.

48. There is a well-defined community of interest among the Wisconsin Class members and common questions of law and fact predominate in this action over any questions

affecting each individual class member.

49. Plaintiff's claims are typical of those of the Wisconsin Class members in that he and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein, of failing to pay overtime wages. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

50. All Wisconsin Class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

51. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

52. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

53. Plaintiff demands a trial by jury on behalf of himself and the putative Wisconsin Class.

**COUNT I**
**(Individual and 29 U.S.C. § 216(b) Collective Action Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**Failure to Pay Overtime Wages**

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of her employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which she is employed.

56. Defendant suffered and permitted Plaintiff and the FLSA Collective members to work over forty (40) hours a week for Defendant in many workweeks.

57. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA Collective members for all hours worked in excess of forty (40) hours in a workweek.

58. As a result of the policies and violations alleged herein, Defendant failed to pay Plaintiff and the FLSA Collective members overtime pay at a rate of 1.5 of their regular rates of pay for all hours worked in excess of forty (40) hours in a workweek.

59. Defendant's conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith.

60. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

61. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages

earned, in such amounts to be determined at trial, and are entitled to recover overtime wages for all unpaid hours worked in excess of forty (40) in a workweek, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(Individual and Rule 23 Class Action Claims)**
**Violation of the Wisconsin Law — Failure to Pay Overtime Compensation**
**Wis. Stat. §§ 103.02, 109.03; Wis. Admin. Code DWD § 274.03**

62. Plaintiff re-alleges and incorporates all previous paragraphs herein.

63. At all relevant times, Plaintiff and the members of the proposed Wisconsin Class were "employees" and Defendant was their "employer" within the meaning of Wis. Stat. §§ 103.001(5) and 109.01(2).

64. Under Wis. Stat. § 103.02 and Wis. Admin. Code DWD § 274.03, Defendant was required to pay Plaintiff and the members of the Wisconsin Class one and one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek.

65. Defendant suffered and permitted Plaintiff and the members of the Wisconsin Class to work in excess of forty (40) hours per week in many workweeks but failed to compensate them at the required overtime rate.

66. The unpaid overtime compensation due to Plaintiff and the Wisconsin Class constitutes "wages" under Wis. Stat. § 109.01(3).

67. Defendant's failure to pay overtime compensation violates Wis. Stat. § 109.03 and is enforceable under Wis. Stat. § 109.03(5) and § 109.09.

68. Defendant's failure to pay overtime wages was willful and not the result of inadvertence, mistake, or clerical error.

69. Pursuant to Wis. Stat. §§ 109.03, 109.09, and 109.11, Plaintiff and the members of the Wisconsin Class are entitled to recover the full amount of unpaid overtime wages, an additional

equal amount as liquidated damages, pre-judgment interest, reasonable attorneys' fees, and costs.

**COUNT III**
**(Individual Claim)**
**Violation of the Wisconsin Law — Unlawful Withholding of Earned Bonus Compensation**
**Wis. Stat. §§ 109.01, 109.03, 109.09, and 109.11**

70. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

71. At all relevant times, Plaintiff was an "employee" and Defendant was his "employer" as defined under Wis. Stat. §§ 109.01(1) and 109.01(2)

72. In or around November 2024, Plaintiff earned approximately $11,900 in bonus compensation based on the number of completed appointment "shows" he generated for Defendant's affiliated dental centers. Plaintiff earned a similar amount of bonus compensation in the month of December 2024, which he never received.

73. Defendant initially paid Plaintiff the full amount of this earned bonus compensation.

74. Shortly thereafter, Defendant unilaterally and retroactively clawed back the entire bonus from Plaintiff's subsequent paycheck, without his knowledge, consent, or legal justification.

75. Plaintiff was not informed of any performance issues, misconduct, or other basis that would warrant forfeiture or repayment of the earned bonus.

76. Plaintiff never agreed to forfeit or repay the bonus after it was earned and paid.

77. The bonus constituted "wages" within the meaning of Wis. Stat. § 109.01(3), as it was remuneration for services performed and tied directly to Plaintiff's productivity.

78. By failing to pay Plaintiff all wages due and unlawfully withholding earned compensation, Defendant violated Wis. Stat. § 109.03.

79. Defendant's actions were willful and not the result of mistake or clerical error.

80. Pursuant to Wis. Stat. §§ 109.03(5), 109.09, and 109.11, Plaintiff is entitled to recover the amount of the withheld bonus compensation, an additional equal amount as liquidated damages, pre-judgment interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed FLSA Collective and Wisconsin Class, prays for judgment against Defendant as follows:

A. An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. A declaratory judgment that Defendant's wage practices alleged herein violated Wis. Stat. §§ 103.02 and 109.03 and Wis. Admin. Code DWD § 274.03;

C. An Order from this Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons within the FLSA Collective and Wisconsin Class members, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

D. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA and Wisconsin wage laws;

E. Adjudicating and declaring that Defendant violated the FLSA and Wisconsin wage laws by failing to pay overtime compensation to Plaintiff and the FLSA Collective and Wisconsin Class for work performed in excess of forty (40) hours per workweek;

F. Awarding Plaintiff and the FLSA Collective unpaid overtime compensation and liquidated damages in an amount consistent with the FLSA;

G. Awarding Plaintiff and the Wisconsin Class unpaid overtime compensation and liquidated damages in an amount consistent with Wis. Stat. §§ 103.02, 109.03, 109.09, and 109.11 and Wis. Admin. Code DWD § 274.03;

H. Awarding Plaintiff all bonuses compensation unlawfully withheld or clawed back from his pay, as well as liquidated damages in an amount consistent with Wis. Stat. §§ 109.03, 109.09, and 109.11;

I. Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA and Wisconsin law;

J. Designating Plaintiff as the representative of the FLSA Collective and the Wisconsin Class;

K. Designating the undersigned counsel as counsel for the FLSA Collective and Wisconsin Class in this action;

L. An incentive award for the Plaintiff for serving as representative of the FLSA Collective and the Wisconsin 23 Class in this action;

M. Judgment for any and all civil penalties to which Plaintiff and the members of the FLSA Collective and the Rule 23 Class may be entitled; and

N. Any such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, David Dixon, individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled cause.

Dated: May 19, 2025

By: /s *Jonathan K. Thorne*

Jonathan K. Thorne
Jonathan@utahjobjustice.com
40 South 600 East
Salt Lake City, UT 84102
T: 801.359.4169 ext. 314
F: 801.359.4313

*Local Counsel for Plaintiff*

Nicholas Conlon
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*